UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.J.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY DISTRICT ATTORNEY, *et al.*,<br><br>　　　　Defendants. | Case No. 2:25-cv-1503-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel, commenced this action by filing a complaint together with motions to proceed under a pseudonym, to file this case under seal, and for a temporary restraining order. ECF Nos. 3 & 6. Each of plaintiff's motions are inadequately supported. Accordingly, I will deny without prejudice his motions to proceed under a pseudonym and to file this case under seal. I also recommend that his motion for a temporary restraining order be denied.[1]

**Motions to Seal and Proceed Under a Pseudonym**

Plaintiff has not shown that sealing the case or allowing him to proceed under a pseudonym is appropriate under the applicable standards.

---

[1] Plaintiff has also filed an application to proceed *in forma pauperis*, ECF No. 8, and a motion asking the court to issue a subpoena, ECF No. 7. I will defer consideration of these motions until after plaintiff has an opportunity to renew his motions to file this case under seal and proceed under a pseudonym.

1

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file a document under seal "bears the burden of overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* (citations omitted).

Under the court's local rules, "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law." E.D. Cal. L.R. 141(a). A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

"As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)). A court may authorize a party to use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

Plaintiff argues that he should be permitted to proceed under a pseudonym and that the case should be sealed because disclosure of his identify will cause an imminent risk of physical harm and "further fraudulent misuse of legal processes." ECF No. 3 at 3. He also appears to contend that disclosing his identify will enable defendants to destroy evidence. Plaintiff's conclusory statements do not provide an adequate justification for sealing this case or allowing him to proceed under a pseudonym. He neither describes how he will be harmed if his legal name

2

1  is publicly disclosed nor does explain why disclosure will lead to the destruction of evidence.
2  Additionally, he has not complied with the court's local rules for obtaining a sealing order.
3  Accordingly, his motions to seal and to proceed under a pseudonym are denied with prejudice.
4      Plaintiff will be provided fourteen days to file a renewed motion to proceed under a
5  pseudonym and proper request to seal the complaint—as well as any other filings he believes
6  should be sealed—that complies with the court's local rules.  If plaintiff fail to timely renew his
7  request to seal, I will recommend that his complaint and other filings be stricken, and the Clerk of
8  Court be directed to return them to plaintiff and close the case.

### Motion for a Temporary Restraining Order

10      Plaintiff has also filed a motion for a temporary restraining order that asks the court to
11  stay state court criminal proceedings brought against him.  ECF No. 6.  He also requests that
12  defendants be enjoined from contacting him and destroying evidence.
13      A temporary restraining order, as with any preliminary injunctive relief, is an
14  extraordinary remedy that is never awarded as of right.  *See Winter v. Natural Res. Def. Council,*
15  *Inc.*, 555 U.S. 7, 24 (2008).  The standards that govern temporary restraining orders are
16  "substantially similar" to those that govern preliminary injunctions.  *Washington v. Trump*, 847
17  F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain injunctive relief, plaintiff must show
18  (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of
19  preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in
20  the public interest.  *Winter*, 555 U.S. at 20.  "The first factor under Winter is the most
21  important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.
22  2015).
23      Plaintiff's motion for temporary restraining order should be denied because he fails to
24  show that he is likely to succeed on the merits of his claims.  Plaintiff alleges that the San Joaquin
25  County District Attorney, San Joaquin County Sheriff, and several judges of the San Joaquin
26  County Superior Court violated his civil rights during the course of state criminal proceedings.
27  ECF No. 3 at 1-5, 8, 27.  Plaintiff's request that this court stay proceedings in the San Joaquin
28  Superior Court suggests that that the criminal proceedings against him are ongoing.  Under the

1   *Younger* abstention doctrine, a federal court must abstain from interfering with state court
2   proceedings if: (1) the proceedings are ongoing; (2) the proceedings implicate important state
3   interests; (3) the claimant has an opportunity to raise his constitutional challenges in the state
4   proceedings; and (4) the relief he seeks in federal court would have the practical effect of
5   enjoining the state proceedings. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

6   Each of these factors is satisfied. Criminal proceedings against plaintiff appear to be
7   ongoing and implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986)
8   ("[T]he States' interest in administering their criminal justice systems free from federal
9   interference is one of the most powerful of the considerations that should influence a court
10  considering equitable types of relief."). There is no indication that plaintiff does not have an
11  adequate opportunity to raise in state court the same constitutional violations challenged here, and
12  he specifically requests that this court enjoin the criminal case from proceeding. ECF No. 6 at 2.
13  Given that the *Younger* abstention doctrine applies, plaintiff is unlikely to succeed on the merits
14  of his claims.[2]

15  Moreover, nearly all defendants are entitled to immunity. *Gregory v. Thompson*, 500 F.2d
16  59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts
17  within and even in excess of their jurisdiction even if those acts were done maliciously or
18  corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear
19  absence of all jurisdiction.'"); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not
20  retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the
21  initiation of judicial proceedings or for trial, and which occur in the course of his role as an
22  advocate for the State, are entitled to the protections of absolute immunity.").[3]

---

[2] Appended to plaintiff's complaint are documents he filed in the San Joaquin County Superior Court more than ten years ago. *See, e.g.*, ECF No. 3 at 11, 17, 20. To the extent plaintiff seeks to challenge to challenge decisions rendered in state proceedings that have concluded, his claims are barred under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

[3] Defendant San Joaquin County Sheriff is the only defendant not entitled to immunity. Nevertheless, plaintiff's vague and conclusory allegations fail to state a claim against the Sheriff.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions to seal and proceed under a pseudonym, ECF No. 3, are DENIED without prejudice.

2. The Clerk of Court is directed to unseal the case.

3. Plaintiff's filings at ECF Nos. 3, 6, 7, and 8 shall remain sealed until further order of the court to provide plaintiff an opportunity to renew his request to seal.

4. Plaintiff is granted fourteen days from the date of this order to file a renewed request to seal that complies with the court's local rules.

5. Plaintiff is warned that failure to timely file a renewed request to seal will result in a recommendation that plaintiff's complaint and his filings at ECF Nos. 6-8 be stricken, and the Clerk of Court be directed to return these documents and close the case.

Further, it is RECOMMENDED that plaintiff's motion for a temporary retraining order, ECF No. 6, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE