UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.J., | Case No.  2:25-cv-1503-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| SAN JOAQUIN COUNTY DISTRICT ATTORNEY, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding without counsel, commenced this action by filing a complaint together with motions to proceed under a pseudonym, to file this case under seal, for a temporary restraining order, and to issue a subpoena, and an application to proceed *in forma pauperis*.  ECF Nos. 3, 6, 7, & 8.  The court denied plaintiff's motion for a temporary restraining order and denied without prejudice to renewal his motion to proceed under a pseudonym and file this case under seal.  ECF Nos. 11 & 29.  The court deferred consideration of his application to proceed *in forma pauperis* and for issuance of a subpoena to provide plaintiff an opportunity to renew his motions to seal and proceed under a pseudonym.

Plaintiff has since filed an amended complaint, in which he asks for a temporary restraining order, and a renewed motion to proceed under a pseudonym.[1]  ECF No. 12 & 13.  The

_____

[1] Plaintiff was granted fourteen days to renew both his motion to seal and motion to proceed under a pseudonym.  Although he timely moved to proceed under a pseudonym, he did

1

amended complaint's allegations are insufficient to state a claim and also reflect that plaintiff's claims are untimely.  I therefore recommend that it be dismissed without leave to amend.  I will grant plaintiff's application to proceed *in forma pauperis* and deny his renewed motion to proceed under a pseudonym.[2]

## I.    Motion to Proceed Under a Pseudonym

Plaintiff again fails to show that allowing him to proceed under a pseudonym is appropriate under the applicable standards.  "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'"  *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)).  A court may authorize a party to use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

Plaintiff appears to argue that he should be permitted to proceed under a pseudonym because there is a substantial risk that he will suffer physical and economic harm.  ECF No. 13 at 1-2.  He does not explain how he will be harmed if his legal name is publicly disclosed.  Instead, he merely references the more than three hundred pages of exhibits submitted in support of his motion and amended complaint.  *Id.* at 1-3; *see* ECF No. 17.  None of plaintiff's exhibits, which include Freedom of Information Act requests, certain banking records, various court filings from 2012 and 2013, and a transcript of a traffic stop recording from August 2012, show that plaintiff will be harmed if his legal name is publicly disclosed..  *See generally* ECF No. 17.  Accordingly, plaintiff's motion to proceed under a pseudonym is denied.

---

not initially renew his motion to seal.  However, more two months after the deadline, he filed a motion asking that this case be sealed.  ECF No. 31.  That motion neither complies with Local Rule 141 nor provides a compelling reason to seal this case.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Accordingly, that motion is denied.

[2] Plaintiff has also filed twelve other motions, the majority of which are either frivolous or not contemplated by the Federal Rules of Civil Procedure.  ECF Nos. 14-16, 24-26, 31-33, & 35-37.  In light of the recommendation that plaintiff's complaint be dismissed without leave to amend, these motions, as well as plaintiff's motion for issuance of a subpoena, are denied as moot.

## II.    First Amended Complaint

### A.    Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### B.    Analysis

Plaintiff's first amended complaint consists primarily of legal conclusions and citations to various statutes and case law, with plaintiff providing only limited factual allegations. He claims that defendants San Joaquin County District Attorney, San Joaquin County Sheriff, the Chief of

3

Police for the Stockton Police Department, and seven unidentified state court judges violated his First, Fourth, and Fourteenth Amendment rights. ECF No. 12 at 1, 3. He alleges that sheriff's deputies assaulted him without provocation in January 2012, and that a police officer threated him in March 2013. ECF No. 12-1 at 1-3. He also claims that in 2013, a state judge failed to review his constitutional claims and a state commissioner threatened him and refused to address questions about jurisdiction. *Id.* at 2. These limited allegations are insufficient to put defendants and the court on notice of plaintiff's claims and the factual basis for them. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

More fundamentally, the amended complaint's allegations and supporting exhibits demonstrate that plaintiff's constitutional claims are untimely. Section 1983 borrows the applicable state statute of limitations for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the applicable statute of limitations is two years. Cal. Civ. Proc. Code § 335.1. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). Plaintiff's allegations concern events that occurred in 2012 and 2013, ECF No. 12-1, and the complaint's supporting exhibits consist of documents from 2013 or earlier, ECF No. 17. Plaintiff, however, did not file this action until May 2025. Thus, his claims are barred by the statute of limitations, and the amended complaint should be dismissed.[3]

Given the amended complaint's deficiencies, I find that granting plaintiff leave to amend would be futile. In denying plaintiff's initial motion for a temporary restraining order, the court explained to plaintiff the original complaint's deficiencies. ECF No. 11. Although plaintiff filed

---

[3] The majority of plaintiff's exhibits are documents plaintiff filed in San Joaquin County Superior Court more than ten years ago. *See generally* ECF No. 17. To the extent plaintiff seeks to challenge decisions rendered in state proceedings, his claims are barred under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

an amended complaint, it contains the same vague and conclusory allegations that plagued the earlier one.  More critically, because plaintiff's claims are barred by the statute of limitations, allowing amendment would be futile.  For these reasons, I recommend that the first amended complaint be dismissed without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

### III.     Motion for a Temporary Restraining Order

I recommend that plaintiff's motion for a temporary restraining order be denied.  A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is never awarded as of right.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards that govern temporary restraining orders are "substantially similar" to those that govern preliminary injunctions.  *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain preliminary injunctive relief, plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  "The first factor under Winter is the most important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Because plaintiff has not shown a likelihood of success on the merits, I recommend that his motion for a temporary restraining order be denied.  *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction, [the plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008).").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is GRANTED.

2. Plaintiff's renewed motion to proceed under pseudonym, ECF No. 13, is DENIED.

3. Plaintiff's motion to seal, ECF No. 31, is DENIED

4. Plaintiff's motions filed at ECF Nos. 7, 14, 15, 16, 24, 25, 26, 26, 32, 33, 35, 36, & 37 are DENIED as moot.

Further, it is RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 12, be DISMISSED without leave to amend.

2. Plaintiff's motion for a temporary restraining order, ECF No. 12, be DENIED.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 3, 2026    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6